IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 19-cv-01238-PAB-KLM

ROBERT BELLM,

    Plaintiff,

v.

DAVID SCHERBORTH,
RYDER MAY,
VICTORIA RALLENS,
SCOTT, Captain,
KENDRA, Nurse, and
FARR, Security Officer,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on plaintiff's Motion for an Emergency Injunction [Docket No. 46]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

Plaintiff, a prisoner in the Colorado Department of Corrections ("CDOC"), initiated this lawsuit on April 25, 2019. Docket No. 1.[1] The crux of the operative complaint, Docket No. 15, is that plaintiff received inadequate medical care from defendants – various employees of CDOC – while incarcerated at the Sterling Correctional Facility in Sterling, Colorado. *See* Docket No. 19 at 2-3. As relevant here,

---

[1] Because plaintiff is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

plaintiff alleges that he has cancer and, as a result, urinates through a catheter and/or bag. *Id*. Plaintiff alleges that defendants failed to provide him with diapers and "Foley bags" for his catheter. *Id*. The operative complaint brings two claims for relief pursuant to 42 U.S.C. § 1983: (1) a First Amendment retaliation claim against defendant Scott, and (2) an Eighth Amendment deliberate indifference to serious medical needs claim against all defendants. Docket No. 15; *see also* Docket No. 20.

On April 23, 2020, plaintiff filed the instant motion, requesting an injunction to move plaintiff from Sterling Correctional Facility to a "medical prison." Docket No. 46 at 1. Plaintiff alleges that the medical staff at Sterling refuses to give him proper medical supplies to care for his suprapubic catheter, including wipes and urine collection bags. *Id*. at 2-3. Plaintiff also alleges that he has not received a C-PAP machine for his sleep apnea, a wheelchair for his spinal cord injury, and an oxygen tank. *Id*. at 4-6. Finally, plaintiff points to Sterling's response to the COVID-19 pandemic as an additional reason to grant him a transfer. *Id*. at 9-10.

The CDOC defendants filed a response on May 4, 2020. Docket No. 56. Defendants provide an affidavit from Nicole Wilson, a medical records technician at Sterling. Docket No. 56-1. Ms. Wilson states that "the standard of care for suprapubic catheter care is to use warm soapy water and a washcloth" and that "medical wipes are not necessary." *Id*. at 2, ¶ 6. Ms. Wilson further states that plaintiff is provided with two "leg bags" and two "night bags" for the catheter each month, and that he is charged for additional bags. *See id*., ¶ 8. Plaintiff has not filed a reply.

2

## II. LEGAL STANDARD – PRELIMINARY INJUNCTION

To obtain a preliminary injunction, "the moving party must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Plaintiff must make a "heightened showing of the four factors," *id.*, because he seeks a disfavored mandatory injunction – his request for relief would "alter the status quo" by requiring defendants to take affirmative actions. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005); *see also Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 797 (10th Cir. 2019) (holding that plaintiff must make a "strong showing" in order to obtain an injunction that "mandates action"). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quotations and citation omitted).

## III. ANALYSIS

### A. Scope of Plaintiff's Motion

Before evaluating whether plaintiff's motion satisfies the factors for preliminary injunctive relief, the Court considers defendants' argument that many of the injuries alleged in plaintiff's motion are not connected to the conduct asserted in his complaint.

Docket No. 56 at 5-6.[2]

To obtain a preliminary injunction, plaintiff "must establish a relationship between the injury claimed in [his] motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (quotation omitted). Plaintiff's complaint alleges that the CDOC defendants were deliberately indifferent to his serious medical needs by failing to provide him with medical supplies necessary for him to urinate. *See* Docket No. 15 at 9-13. However, the instant motion alleges that defendants' deliberate indifference extends to other medical needs – plaintiff's sleep apnea, spinal cord injury, and need for oxygen. *See* Docket No. 46 at 4-6. These alleged injuries are not related to the conduct asserted in the complaint, which is limited to plaintiff's urinary needs. The Court is not persuaded that a complaint that a defendant was deliberately indifferent to a specifically identified medical need allows the plaintiff to seek preliminary injunctive relief based on alleged indifference to different medical needs. *Cf. Teague v. Hood*, No. 06-cv-01800-LTB-CBS, 2008 WL 2228905, at *16 (D. Colo. May 27, 2008) (injunctive relief inappropriate for matters unrelated to the basis of the complaint). Accordingly, the Court will only consider those allegations in plaintiff's motion relating to his urinary needs – failure to provide him with

---

[2] Neither Fed. R. Civ. P. 65(a) nor the Tenth Circuit require a district court to hold an evidentiary hearing before a court may rule on a preliminary injunction motion. *See Nellson v. Barnhart*, No. 20-cv-00756-PAB, 2020 WL 3000961, at *5 (D. Colo. June 4, 2020). Where, as here, a plaintiff cannot supply sufficient evidence to justify granting the injunction, there is no need for the Court to hold a hearing. *See id*. (collecting cases).

medical wipes and catheter bags.³

### B. Likelihood of Success on the Merits

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Such a claim has an objective and a subjective component. The objective component requires that the medical need be "sufficiently serious." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The subjective component requires that "a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (citation and quotations omitted). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they respond[] reasonably to the risk." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994).

Assuming *arguendo* that plaintiff's medical needs are sufficiently serious to satisfy the objective factor, plaintiff has not alleged facts establishing defendants' subjective indifference to plaintiff's serious medical needs relating to his suprapubic catheter. As to medical wipes, the evidence before the Court is that "medical wipes are not necessary" to care for plaintiff's catheter because the "standard of care" is the use

---

³ Even assuming that the non-urinary claims are adequately related, plaintiff has made no showing that he has exhausted his administrative remedies as to these allegations, as the Prisoner Litigation Reform Act requires. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) (noting that "unexhausted claims cannot be brought in court"). Accordingly, it is unlikely the Court could enter injunctive relief on the basis of these claims. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (holding that "a court may not excuse a failure to exhaust" available remedies under the PLRA). The CDOC defendants have filed a motion for summary judgment on both of plaintiff's claims on the basis that plaintiff failed to exhaust his administrative remedies, which is pending before Magistrate Judge Kristen L. Mix. Docket No. 38. The Court expresses no opinion on the merits of that motion.

5

of warm soapy water and a washcloth. See Docket No. 56-1 at 2, ¶ 6. "So long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind [for a deliberate indifference claim] cannot be met." See Self v. Crum, 439 F.3d 1227, 1233 (10th Cir. 2006). Plaintiff offers no evidence or argument in his motion from which the Court could conclude that defendants, in providing plaintiff with treatment consistent with the standard of care for his medical needs, did not "respond[] reasonably" to his serious medical needs. See Farmer, 511 U.S. at 894; Self, 439 F.3d at 1232 (holding that "the subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment"); cf. DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 198 n.5 (1989) ("[T]he mere negligent or inadvertent failure to provide adequate medical care is not enough" to make out an Eighth Amendment claim."). As to the catheter bags, defendants offer evidence that plaintiff is provided with two "leg bags" and two "night bags" for the catheter each month, and that he is charged for additional bags. See Docket No. 56-1 at 2, ¶ 8. While plaintiff complains that defendants are requiring him to pay for additional bags, see Docket No. 15 at 11, this allegation, without more, does not state a claim for deliberate indifference. See Tijerina v. Patterson, 507 F. App'x 807, 810 (10th Cir. 2013) (unpublished) ("Although a state must provide inmates with basic medical care, we are not aware of any authority suggesting such care must be provided free of charge with respect to prisoners who have the ability to pay." (internal citation omitted)). Thus, plaintiff has failed to show

that he has a likelihood of success on the merits under the heightened standard applicable to a mandatory injunction.[4]

### C. Other Factors

Because plaintiff has not made a heightened showing of a likelihood of success on the merits, his motion for a preliminary injunction fails. Accordingly, the Court does not address the other factors. *See Big O Tires, LLC v. Felix Bros., Inc.*, 724 F. Supp. 2d 1107, 1121 (D. Colo. 2010) (declining to address every factor because "the resolution of them will have no bearing on the outcome").

### IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for an Emergency Injunction [Docket No. 46] is **DENIED**.

DATED June 29, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[4] Construed liberally, plaintiff's motion argues that Sterling's response to the COVID-19 pandemic supports a finding of subjective deliberate indifference by defendants. *See* Docket No. 46 at 9-10. This argument is not persuasive, as plaintiff fails to connect Sterling's response to COVID-19 to the likelihood of success on his catheter-related claims. Moreover, other than vague allegations about the movement of various inmates within Sterling, plaintiff has not proffered any facts from which the Court could conclude that Sterling's response to COVID-19 was deliberately indifferent. *See Carranza v. Reams*, No. 20-cv-00977-PAB, 2020 WL 2320174, at *10 n.14 (D. Colo. May 11, 2020) (noting that deliberate indifference claims "are intensely fact-based").